UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOSE MENDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-2276 |
| ) | |
| TIMOTHY KREISSLER, ) | |
| ) | |
| Defendant. ) | |

## OPINION

This case is before the court for ruling on various pre-trial motions in limine filed by the parties. This court has carefully considered all of the motions, the responses to the motions, and the documents filed by the parties. Following this careful and thorough review, this court rules as follows: (1) Defendant's Motion in Limine (#79) is GRANTED; (2) Defendant's Motions in Limine (#73; #80) are GRANTED in part and DENIED in part; and (3) Plaintiff's Motion in Limine (#83) is GRANTED in part, DENIED in part, and RESERVED in part.

## BACKGROUND

Plaintiff, Jose Mendez, filed suit against the Defendant, Timothy Kreissler, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant's conduct, in allegedly using excessive force to recapture the Plaintiff after Plaintiff left Defendant's police vehicle, violated Plaintiff's constitutional rights. Although the testimony of the Plaintiff and Defendant is widely divergent on what actually occurred, the general factual background of this case is as follows, according to the Amended Complaint (#15) and Answer (#33) filed by the parties.

On November 25, 2007, Plaintiff was arrested by the Kankakee Police Department for

the alleged commission of a felony offense. After his arrest, Plaintiff was taken to Jerome Combs Detention Center ("JCDC") and was housed overnight at that facility. On November 26, 2007, Defendant transported the Plaintiff from JCDC to the City of Kankakee Police Department to be interviewed. During the interview, Plaintiff had one of his hands handcuffed to a chair. Plaintiff alleges that Defendant grabbed him and injured his wrist during this interview. After the interview, Defendant returned the Plaintiff to his police vehicle to make the return trip to JCDC. Plaintiff had his hands handcuffed in front of him and was placed in the front seat of the police vehicle, without a seat belt. At some point during the short drive to JCDC, Plaintiff opened the door and attempted to escape. Plaintiff alleges this was because he was scared for his life, based on the Defendant's behavior. Defendant chased down the Plaintiff, and had his gun drawn during the chase. Plaintiff alleges that after he gave up and dropped to his knees with his hands in the air, Defendant struck him on the top of the head with his gun, knocking him unconscious. Defendant's version of the events is that Plaintiff did not give up until Defendant tackled him and was able to subdue Plaintiff on the ground, after using reasonable force. Immediately after this incident, Plaintiff was taken to Provena St. Mary's Hospital and received medical treatment for an injury that he had on his head. Plaintiff alleges that he continues to suffer from injuries caused by Defendant's use of excessive force on him during the attempted "escape."

In addition to contesting the factual allegations contained in the Plaintiff's complaint, Defendant also alleges numerous affirmative defenses to Plaintiff's claims, including, among others: (1) that Defendant did not violate any clearly established constitutional right of the Plaintiff; (2) that Defendant is entitled to qualified immunity for any alleged use of force as the

force used was reasonable and necessary; (3) that Plaintiff's Amended Complaint is a collateral attack on his conviction for violating 720 ILCS 5/31-6(c), and is therefore barred; and (4) that Plaintiff's claims are barred by *res judicata* and collateral estoppel.

## MOTIONS IN LIMINE

### I.  STANDARD

The "motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir. 1997).  "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1984).  District courts have "broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir. 2002).  A motion in limine "performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." Jonasson, 115 F.3d at 440.  Therefore, the moving party bears the burden of establishing that the evidence is not admissible for any purpose. Mason v. City of Chicago, 631 F. Supp. 2d 1052, 1056 (N.D. Ill. 2009).  Unless this high standard is met, rulings on evidentiary matters must be deferred until trial so that issues of foundation, relevance and prejudice may be resolved in the proper context. Mason, 631 F. Supp. 2d at 1055-56; Townsend v. Benya, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003); see also Jonasson, 115 F.3d at 440.

II. DEFENDANT'S MOTIONS IN LIMINE

Defendant filed eleven motions in limine with this court. Plaintiff filed a combined Response (#86) and three Memoranda in Opposition (#87; #88; #89) to Defendant's motions in limine. At the final pretrial conference on November 18, 2011, this court granted the following motions in limine filed by the Defendant, each of which were conceded by the Plaintiff: #71[1]; #72[2]; #74[3]; #75[4]; #76[5]; #77[6]; #78[7]; #81.[8] This court reserved ruling on Defendant's ninth and tenth Motions in Limine (#79; #80). Additionally, although this court initially ruled on Defendant's third Motion in Limine (#73), this court VACATES the prior ruling and resolves the motion in this opinion, as discussed below.

Defendant's third Motion in Limine (#73) requests that this court bar the Plaintiff from

---

[1] Defendant's first Motion in Limine (#71) asked this court to bar Plaintiff from presenting any evidence or referring to Defendant's liability insurance or indemnification by the City of Kankakee.

[2] Defendant's second Motion in Limine (#72) asked this court to bar all non-party witnesses from the courtroom except when called to give testimony, pursuant to Federal Rule of Evidence 615.

[3] Defendant's fourth Motion in Limine (#74) asked this court to bar Plaintiff from presenting any evidence or referring to any standard of proof other than the relevant standard for Section 1983 cases.

[4] Defendant's fifth Motion in Limine (#75) asked this court to bar any evidence or reference to settlement negotiations or the lack thereof, pursuant to Federal Rule of Evidence 408.

[5] Defendant's sixth Motion in Limine (#76) requested that this court bar Plaintiff from presenting any evidence or referring to the fact that Plaintiff has been preventing from commenting on facts barred by this court or by Defendant's sustained objections.

[6] Defendant's seventh Motion in Limine (#77) asked this court to bar Plaintiff's counsel from providing their personal beliefs regarding the credibility of any witness or their personal beliefs regarding ultimate issues in this case.

[7] Defendant's eighth Motion in Limine (#78) requested that this court bar Plaintiff's counsel from making any comments asking the jurors to put themselves in Plaintiff's position or to imagine what it would have been like to experience Plaintiff's injuries.

[8] Defendant's eleventh Motion in Limine (#81) asked this court to bar any reference to the fact that Plaintiff's counsel are law students.

presenting any evidence or referring to the fact that Plaintiff has suffered headaches, memory loss or blurred vision, or the potential cause for these ailments suffered by Plaintiff. Defendant argues that barring such evidence is appropriate in this case because the Plaintiff has failed to offer any expert testimony linking these symptoms with the incident at issue in this case. Therefore, Defendant argues that any presentation of such evidence lacks probative value with respect to the issue in this case—namely causation of his symptoms—and therefore the only potential use would be prejudicial. In his Response, Plaintiff argues that he should personally be able to testify regarding his own symptoms because this testimony will be rationally based on his own perception. Testimony relating to the **cause** of Plaintiff's current medical symptoms requires an expert opinion. See Fed. R. Evid. 702. In this case, Plaintiff has not offered any expert testimony concerning this causal connection—therefore, Plaintiff is barred from presenting any evidence relating to whether Plaintiff's current medical condition is causally related to the incident at issue in this case. However, this court agrees with the Plaintiff that he should be allowed to testify regarding his current symptoms and how long he has suffered from these symptoms, as this testimony would certainly be rationally based on his perception of his own symptoms. Nevertheless, Plaintiff is barred from offering an opinion as to what caused his current symptoms.[9] Accordingly, Defendant's third Motion in Limine (#73) is GRANTED in part and DENIED in part.

Defendant's ninth Motion in Limine (#79) asks this court to bar Plaintiff from presenting

---

[9] In other words, Plaintiff, although he will be allowed to testify that these symptoms started after the incident, he will not be allowed to testify, speculatively, that he believes the symptoms were caused by or are the result of any particular incident—this particular inference will be left solely for the jury.

evidence of unrelated lawsuits filed against Defendant and citizen complaints filed against Defendant, pursuant to Federal Rule of Evidence 404. In his Response, Plaintiff argues that this evidence should be admissible as proof of Defendant's intent to use excessive force against Plaintiff. In making the determination of whether to admit evidence of "other acts" under Rule 404(b) the Seventh Circuit has instructed courts to examine whether:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a finding that the defendant committed the similar act; and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice.

United States v. Vargas, 552 F.3d 550, 554 (7th Cir. 2008). At issue in this case are four separate "acts" that Plaintiff claims satisfy this standard. First, there are two preliminary citizen complaints, one filed in 2003 and one in 2004, each which allege that Defendant used excessive force in arresting the complainant. After investigation by the City Inspector, these two preliminary complaints were found to be unsubstantiated.[10] The simple filing of a citizen complaint by an individual complaining about the manner they were arrested, unsupported by any evidence, fails to meet the third element of the standard, which requires that there be sufficient evidence to find that the Defendant actually committed the similar act. The next two acts at issue were as follows: (1) there was a preliminary citizen complaint filed in 2005, alleging that Defendant used excessive force by placing handcuffs too tightly on an individual that was resisting arrest; and (2) Defendant was sued in a § 1983 case in 2007, after he, along with other officers, allegedly used excessive force on an individual who was resisting arrest by placing

---

[10]The 2003 complaint lacked any supporting evidence and the 2004 complaint was not pursued by the individual filing the complaint.

handcuffs on too tightly.  Each of these situations, even if each of the other elements of the standard were assumed to be satisfied, offer minimal, if any, evidence to support the assertion that Defendant's conduct in this case was intentional.  Both of these prior situations occurred when an individual was resisting arrest and had to be subdued, and the only claim against Defendant was that he placed handcuffs on too tightly.  Moreover, in each case, there was no finding that Defendant actually used excessive force.  On the other hand, admitting these prior similar alleged acts creates a danger of unfair prejudice, as the jury could make the impermissible inference that Defendant was more likely to commit the acts at issue in this case based on these prior acts.  Therefore, this court finds that the minimal, if any, probative value of this evidence is substantially outweighed by the danger of unfair prejudice.  See Fed. R. Evid. 403.  Accordingly, Defendant's ninth Motion in Limine (#79) is GRANTED.

Defendant's tenth Motion in Limine (#80) requests that this court bar Plaintiff from presenting any evidence or referring to the policies, procedures, rules and/or regulations of the City of Kankakee, City of Kankakee Police Department, the Kankakee County Sheriff's Department or the JCDC.  Defendant argues that this evidence of a violation of a policy in this case would be irrelevant to the question of whether a constitutional violation occurred.  In his Response (#89), Plaintiff argues that the Seventh Circuit has found that evidence of a violation of a prison rule, although not a *per se* violation of the constitution, can be relevant evidence that action was taken with the intent to harass the prisoner.  See Mays v. Springborn et al., 575 F.3d 643, 650 (7th Cir. 2009).  In this case, Defendant was an employee of the City of Kankakee—not of the Kankakee County Sheriff's Department or the JCDC.  Therefore, a violation of the Kankakee County Sheriff's Department's or the JCDC's rules is irrelevant and therefore is

barred. However, evidence that Defendant violated rules or policies of the City of Kankakee or City of Kankakee Police Department would be relevant, although not *per se*, evidence of a constitutional violation—thus evidence of a violation of these policies or rules is not barred. Therefore, Defendant's tenth Motion in Limine (#80) is GRANTED in part and DENIED in part.

### III. PLAINTIFF'S MOTION IN LIMINE

Plaintiff included five requests in his Motion in Limine (#83), and Defendant filed a Response to the Motion (#85). Plaintiff first asked this Court to bar Defendant from presenting any evidence or referring to the fact that Defendant was charged and eventually convicted of escape by the Kankakee County State's Attorney arising out of the incident in question. Plaintiff argues that evidence of Plaintiff's conviction for escape is directly relevant to the issues of Plaintiff's motives and intent for leaving Defendant's police vehicle and should be admissible as substantive and impeachment evidence. This court agrees that under Federal Rule of Evidence 609(a)(1), this conviction may be used for impeachment purposes because any unfair prejudice fails to substantially outweigh the probative value of this evidence. Additionally, this court agrees that evidence of Plaintiff's conviction for escape is admissible as substantive evidence. Plaintiff alleges in this case that he left the police vehicle because Defendant used excessive force on him during the interview and then in the police vehicle. Therefore, Plaintiff's intent for leaving the police vehicle is at issue in this case, and Plaintiff's guilty plea—which was an admission that he intentionally escaped from custody—clearly has high probative value. Although the admission of this conviction does prejudice the Plaintiff, the level of <u>unfair</u> prejudice fails to substantially outweigh the significant probative value of Plaintiff's conviction. Accordingly, Plaintiff's first request is DENIED.

Plaintiff's second request is to bar evidence that Plaintiff was arrested for reckless discharge of a firearm on November 25, 2007, and was eventually charged with unlawful possession of a firearm by a felon and reckless discharge of a firearm. In his Response, Defendant argues that the relevance of this evidence exceeds the unfair prejudice that might occur based on the nature of the charges Plaintiff was arrested for. Specifically, Defendant explains that the context of the interactions between the Plaintiff and the Defendant focused on the November 25th arrest, and therefore have significant probative value.[11] There is no dispute that the November 25th arrest was the only reason that Plaintiff was in custody. Once Plaintiff was in custody, Defendant was responsible for interviewing Plaintiff about his arrest and for transporting Plaintiff between JCDC and the City of Kankakee Police Department. Although Plaintiff was never convicted of the charges for which he was arrested, that does not change the facts available to Defendant at the time of Plaintiff's attempted escape. Moreover, Plaintiff may minimize any prejudicial effect that the arrest itself may have by offering evidence that the charges for which Plaintiff was arrested were not pursued and Plaintiff was never convicted of such charges. The information that Defendant had about Plaintiff's arrest for a felony offense, which subjected Plaintiff to the possibility of a long period of imprisonment, is highly relevant to the possible motivations for Plaintiff's attempted escape and the reasonableness of Defendant's actions in recapturing the Plaintiff. Therefore, evidence of the general nature of the Plaintiff's arrest on November 25, 2007, the crime charged, and the eventual disposition of that case may

---

[11]Although the evidence has not been made available to the court at this point, Defendant explains that a portion of the interview between Plaintiff and Defendant was videotaped, and there were discussions regarding the arrest. The videotape itself is relevant because Plaintiff alleges that Defendant used excessive force during this interview, as well as during his transport.

be brought into evidence. Nevertheless, as the specific factual details surrounding the arrest likely lack significant probative value, evidence of this nature would be unlikely to be allowed by this court. However, as the court is not yet aware of these details, this court will reserve ruling on the admissibility of the factual details of the reason for Plaintiff's arrest, beyond the basic details which will be admissible: the date of arrest, a general description of the offense for which Plaintiff was arrested, and the subsequent charge and disposition of that charge. Accordingly, the Plaintiff's second request is DENIED in part and RESERVED in part.

Plaintiff's third request is to bar evidence that Plaintiff was drinking alcohol or using illegal drugs on November 24, 2007. Plaintiff argues that there is no evidence that his use of alcohol or illegal drugs on November 24, 2007, has any relation to the incident on November 26, 2007. In his Response, Defendant argues that this evidence is relevant to the issue of Plaintiff's claimed damages, specifically his claim that he has suffered emotional damages. This court agrees with Plaintiff that evidence of his drug or alcohol use on November 24, 2007, lacks any probative value with regards to the incident in question and therefore is barred, either for use as substantive or impeachment evidence. Accordingly, Plaintiff's third request is GRANTED.

Plaintiff's fourth request is to bar all evidence suggesting that Plaintiff is, or has ever been, a member of the street gang commonly known as the Latin Kings. In his Response, Defendant conceded this request and this court granted this request at the final pretrial hearing held on November 18, 2011.

Plaintiff's final request is to bar evidence that he is currently incarcerated and records of disciplinary problems during his periods of incarceration. In his Response, Defendant argues that evidence of Plaintiff's current incarceration is relevant because the escape conviction itself

should be admitted, and the length of the sentence is part of that evidence. Notwithstanding the admissibility of the conviction itself, whether or not Plaintiff is incarcerated has no relevance to any issue in this trial and therefore the length of Plaintiff's sentence for the escape conviction and his current status as a prisoner is barred. With regards to the disciplinary records, Defendant is willing to stipulate to not introducing such evidence so long as Plaintiff stipulates that he will not testify that the incident in question has caused him to have disciplinary problems of which he never had before the incident. Alternatively, this court agrees that evidence of prior disciplinary records will become relevant and admissible if Plaintiff argues that the incident in question resulted in a change in his behavior towards authority figures. Therefore, this aspect of Plaintiff's final request is reserved pending presentation of evidence at trial.

IT IS THEREFORE ORDERED THAT:

(1) This court's prior ruling on Defendant's Motion in Limine (#73) is VACATED.

(2) Defendant's Motion in Limine (#79) is GRANTED.

(3) Defendant's Motions in Limine (#73; #80) are GRANTED in part and DENIED in part.

(4) Plaintiff's Motion in Limine (#83) is GRANTED in part, DENIED in part, and RESERVED in part.

ENTERED this 22nd day of November day of November, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE